IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| John Parks Simpson and Freda Simpson, wife, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Air Liquide America, LP, Celite Corporation, Mine Safety Appliances Company, Porter Warner Industries, LLC, Wesco Refractories, Inc., and John Doe 1-5, ) <br> ) <br> Defendants. ) | **DEFENDANT PORTER WARNER INDUSTRIES, L.L.C.'S AMENDED AND SUPPLEMENTAL DISCLOSURE OF EXPERT WITNESS TESTIMONY** <br><br> C.A. No. 3:09-cv-172-FDW-DSC |

Pursuant to Rule 26(a)(2), FRCP, and the amended Case Management Order that has been entered in this case, Defendant Porter Warner Industries, LLC, hereby discloses the expert witnesses that it intends to use in the trial of this matter:

1. Dr. Andrew J. Ghio
   Clinical Associate Professor
   Pulmonary Disease and Critical Care Division
   University of North Carolina Medical Center
   Campus Box No. 7510
   104 Mason Farm Road
   Chapel Hill, NC 27599

Dr. Ghio is board-certified in Pulmonary Medicine and is also a certified B-reader. He is currently employed as a Research Medical Officer with the Clinical Research Branch, Human Studies Division, for the U.S. Environmental Protection Agency (EPA). He is further an Associate Consulting Professor of Medicine, Pulmonary and Critical Care Division, of Duke University Medical Center in Durham, NC, and a Clinical Associate Professor, Pulmonary and Critical Care Division of the University of North Carolina Medical Center, Chapel Hill, NC.

Dr. Ghio is anticipated to testify regarding matters including, but not necessarily limited to, the presence or absence of any silica-related lung injuries, diseases, or conditions allegedly sustained by Plaintiff, John Parks Simpson; his review, interpretation, and opinions concerning Plaintiff John Parks Simpson's chest x-rays, CT scans, PET scans, pulmonary function tests, and all other tests, examinations, or medical procedures diagnostic of pulmonary injury in Simpson; his review of Simpson's medical records and employment history; the method(s) of and

appropriate protocol for diagnosis of interstitial lung disease, including silicosis; the relationship between silica exposure and risk of lung cancer; the relationship between cigarette smoking and increased risk of lung cancer; the history of medical knowledge concerning silicosis; and the state-of-the-art knowledge concerning the health effects of silica exposure during the relevant time periods of Simpson's employment.

Dr. Ghio may further testify about any matter raised by experts called by Plaintiffs, about any matters raised in depositions previously taken or to be taken in this case, as to the import of any exhibit introduced as evidence, and/or as to any items prepared for use or used for demonstrative purposes by any witness.

A copy of Dr. Ghio's curriculum vitae (Exhibit A), list of prior depositions (Exhibit B), and expert report (Exhibit C) are produced herewith. He is being compensated at a rate of $250.00 per hour.

    2.     J. LeRoy Balzer
           408 Horse Trail Court
           Alamo, CA 94507

Dr. Balzer is anticipated to testify as to matters concerning state-of-the-art, industrial hygiene matters, and occupational health issues as they relate to silica and silica-related products.

Dr. Balzer is an industrial hygienist and safety professional and may testify concerning his education, training, and experience, as well as his factual observations and mental impressions and opinions and the basis for them, in the following areas: properties, use of and historical developments concerning silica and silica-containing products; industry practice and standards in general and specifically concerning industrial hygiene and silica; historical and developing state of the art of industrial hygiene in general and specifically concerning silica; state of knowledge concerning exposure to silica and effects thereof at relevant times; the process of establishing, historical development, and significance of maximum allowable concentrations, permissible exposure limits, threshold limit values, regulatory standards, and similar concepts, in general and specifically with regard to silica at relevant times and the reasonableness of reliance upon such established acceptable and safe levels of exposure to silica; relevant scientific and medical literature; the reasonably perceived risk, or lack thereof, posed to workers in various occupations from exposure to silica products during relevant periods of time; state of knowledge and state of the art on exposure to silica and silica-containing products and the development of cancer; how potential exposure levels from various activities compared to then existing threshold limit values at relevant times; employer's responsibility for employee/worker work site conditions and safety; and the reasonableness of the conduct of foundry distributors during relevant periods of time. Dr. Balzer may also testify regarding matters in response to testimony of Plaintiffs' experts. The basis for Dr. Balzer's mental impressions and opinions are his education, training, and experience and his review of pertinent literature.

2

Case 3:09-cv-00172-FDW-DSC   Document 74   Filed 08/26/10   Page 2 of 5

A copy of Dr. Balzer's CV, list of trial and deposition testimony, and list of publications (collectively Exhibit D) is being produced herewith. He is being compensated at a rate of $700.00 per hour. At this time, Dr. Balzer has not prepared an expert report. Dr. Balzer's opinions and report, which will be produced at a later date, will be based upon his review of depositions taken or to be taken of individuals employed by or who have pertinent information and knowledge pertaining to Plaintiffs' employer, Charlotte Pipe & Foundry. Accordingly, until such depositions have been completed, Dr. Balzer is unable to generate a complete report. Defendant will arrange for Dr. Balzer to prepare a complete report containing his opinions, the basis therefore, and the information upon which he will rely when the relevant depositions have been completed. Defendant will further make Dr. Balzer available for a deposition at a mutually convenient time and location.

      3.      Victor Roggli, M.D.
             Department of Pathology
             Duke University Medical Center
             P.O. Box 3712
             Durham, NC 27710

Dr. Roggli is a pathologist, who may generally testify concerning silica-related pulmonary pathology and the epidemiology relevant thereto. Dr. Roggli may generally testify concerning silica-related disease, the effects of exposure to silica and silica-containing products upon persons in occupational settings, and the criteria for diagnosis of silica-related disease. Dr. Roggli may also testify regarding the etiology of cancer, the risk of cancer in various anatomical sites, the relationship of silica exposure and the incidence of cancer, malignancies associated with silica exposure or cigarette smoking and other malignancies from which they must be differentiated, the appropriate protocols for diagnosis of those conditions, and the prognosis and information relating to the known causes of those malignancies. Dr. Roggli may also respond to matters raised within his field of expertise by Plaintiffs in the presentation of their case in chief. Accordingly, Dr. Roggli's testimony is dependent upon the prior testimony of Plaintiffs' experts and cannot be predicted with further specificity.

Dr. Roggli's testimony will be based on his training, experience, research, education, writings, review of medical and scientific literature concerning silica-related disease and other relevant matters, and his review of depositions, documents, medical records and pathology materials relevant to Simpson.

Finally, Dr. Roggli may testify about any matter raised by experts called by Plaintiffs. Additionally, he may testify about any matters raised in depositions previously taken by or supplied to Plaintiffs and may testify as to the import of any exhibit (including, without limitation, corporate documents of defendants) introduced as evidence, or any items prepared for use or used for demonstrative purposes by any witness.

At this time, Dr. Roggli has not produced an expert report, which will be based in part on his review of pathology materials pertaining to Simpson. Although such pathology materials have been requested from Simpson's medical providers and those providers have been served

with a court order to require the release of such materials to Defendant for expert witness review and analysis, the pathology materials have not yet been produced. Defendant will arrange for Dr. Roggli to produce an expert report after he has had sufficient opportunity to review and analyze Simpson's pathology materials. A copy of Dr. Roggli's current CV (Exhibit E) is being produced herewith. He is being compensated at a rate of $600.00 per hour.

    4.    Patrick A. Hessel, Ph.D.
           Epidemiologist
           #25, 26204 Twp Rd. 512
           Spruce Gove, Alberta T7Y IC5
           Canada

Dr. Hessel is an epidemiologist and former professor at the University of Alberta in Edmonton, where he was the director of the epidemiology program in the Department of Public Health Sciences and the director of the epidemiology unit at the Alberta Asthma Centre. He has published extensively on the health effects of silica in relation to lung cancer, connective tissue diseases, smoking, and lung function. Dr. Hessel is expected to testify regarding his findings from extensive research and review of world literature of the use of crystalline silica in occupational settings as a risk factor for lung cancer, causes of lung cancer other than crystalline silica, and his assessment of the quality of the research performed and its compliance with principles of epidemiology.

Dr. Hessel may testify about any matter raised by experts called by Plaintiffs. Additionally, he may testify about any matters raised in depositions previously taken by or supplied to Plaintiffs and may testify as to the import of any exhibit (including, without limitation, corporate documents of defendants) introduced as evidence, or any items prepared for use or used for demonstrative purposes by any witness.

A copy of Dr. Hessel's report, including his curriculum vitae (Exhibit F), is being produced herewith. A copy of Dr. Hessel's list of prior depositions (Exhibit G) is also produced herewith. He is being compensated at a rate of $460.00 per hour.

Defendant Porter Warner Industries, L.L.C., reserves the right to call any expert witness who may be required to substitute for another expert listed herein in the event that the listed expert becomes unavailable to testify at trial due to any circumstances beyond this Defendant's control.

Defendant further reserves the right to supplement this list prior to trial.

This the 26rd day of August, 2010.

/s/ Frances G. Zacher
Daniel B. White (S.C. Bar No. 6070)
(admitted *Pro Hac Vice*)
Stephanie G. Flynn (S.C. Bar No. 16653)
(admitted *Pro Hac Vice*)
Frances G. Zacher (S.C. Bar No. 74197)
(admitted *Pro Hac Vice*)
Daniel B. Eller (NC Bar No. 31503)

GALLIVAN, WHITE & BOYD, P.A.
Post Office Box 10589
55 Beattie Place, Suite 1200
Greenville, SC 29603
(864) 271-9580
(864) 271-7502 (facsimile)

Attorneys for Defendant,
Porter Warner Industries, L.L.C.