IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| JOHN PARKS SIMPSON and FREDA SIMPSON, wife, | ) ) ) | CA NO.: 3:09-CV-172-FDW-DSC |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT PORTER WARNER'S MOTION FOR SUMMARY JUDGMENT** |
| AIR LIQUIDE AMERICA, L.P., et al. | ) ) ) | |
| Defendants. | ) ) | |

Comes now the Plaintiffs and hereby request this Court to issue an Order allowing Plaintiffs to file an Opposition to Defendant Porter Warner's Motion for Summary Judgment. Defendant Porter Warner filed a Motion for Summary Judgment on August 16, 2010 (see Docket Entry No. 72). The electronic filing indicated a response was due by September 2, 2010. The response date was inadvertently calendared as October 2, 2010, an administrative error. Further, Plaintiffs would show that discovery relative to the main issue raised in the Motion were ongoing and that now the issues can be fully briefed although not all transcripts have been received. Plaintiffs have submitted a Proposed Order.

Plaintiffs would also show that Porter Warner would not be prejudiced by allowing the late amendment. For example, Defendant Porter Warner provided Supplemental Answers to Interrogatories in the present action on September 3, 2010, the day after Plaintiffs' response to summary judgment was due. Plaintiffs had written defense counsel about deficiencies contained within the initial answers to Interrogatories on July 16, 2010 (Attachment A). Many of the issues addressed in counsel's letter

related to issues of product identification and the distribution of silica related products to Charlotte Pipe and Foundry during Plaintiff's employment. The supplemental answers are significant in that they, on September 3, 2010, provided information indicating that Porter Warner supplied silica products to Charlotte Pipe and Foundry as early as 1984 and did supply "round grained silica" sand to the Foundry (Attachment B). The Defendant's admission on supplying products was not available to Plaintiffs' counsel prior to the deadline for filing the Opposition to Summary Judgment. Plaintiffs would submit that any delay has not prejudiced the Defendant as it did not provide information that it sold silica products to Charlotte Pipe and Foundry until after Plaintiffs' response was due.

Defendant's Motion for Summary Judgment is largely based on the argument that the Plaintiffs cannot establish that the Plaintiff was exposed to silica containing products distributed by Porter Warner (See Dkt. 72-1; Defendant's Memo in Support of Summary Judgment at pg. 18). Plaintiffs would submit that the parties have been conducting "product identification" related discovery during August and September and that justice would require that the Court not hear the issues relative to product identification until such discovery has been completed. The parties have been working diligently in taking the depositions of Plaintiffs' co-workers, Defendant's corporate representative, as well as mill employees on issues relative to product identification, including two mill employees who were deposited this week, September 28, 2010.[1]

Plaintiffs would also show that the parties have been working diligently on concluding product identification related discovery, one of the main tenants for the Defendant's Motion for Summary Judgment. For example, the corporate representative

---

[1] The transcript is believed to be ready early the week of October 4, 2010.

that verified the September 3, 2010 Interrogatory responses indicating sales of silica to Charlotte Pipe and Foundry was not available for deposition until September 23, 2010. Even as the date of this Motion, Plaintiffs' counsel has not yet received the transcript from that deposition and would request that the Plaintiffs be allowed to file the response after such transcript has been received.

Plaintiffs would request this Court to allow the Plaintiffs to file its Memoranda in Opposition to Defendant's Motion for Summary Judgment by October 8, 2010 when all deposition transcripts taken to date would be available.

Respectfully Submitted:

s/Frederick Jekel
_____
Frederick Jekel, Esq.
**Jekel-Doolittle, LLC**
210 Wingo Way, Suite 201
P.O. Box 2579
Mt. Pleasant, SC 29465
(843) 654-7700
(888) 567-1129 (fax)
Fritz@J-DLaw.com
Federal Bar No:

AND

Bill Graham, Esq.
**Wallace & Graham, P.A.**
525 North Main Street
Salisbury, N.C. 28144
(704) 633-5244
(704) 633-9434 (fax)
Bgraham@wallacegraham.com

Dated: 10/1/10                                ATTORNEYS FOR THE
                                              PLAINTIFFS